Judge RoAim
delivered the Court’s Opinion, as follows:—■
*393 In the case of the assignment of a note, it is generally necessary for the assignee to sue the drawer, in order to charge the indorser. There are exceptions, however, from this rule; two of which are those stated in the opinion of the Hustings Court;'—viz. a discharge under the former bankrupt laws, or the insolvent law of this State. But these are not the only exceptions. Another exists, whenever the plaintiif can shew to the jury that the drawer is in fact insolvent, whereby a suit would have been wholly unavailing. , In this case, like the others, the undertaking of the assignee to use due diligence to recover the money from the drawer1, is not infringed by the omission to sue: and this omission, if objected, may be always answered, on the part of the assignee, by shewing that a suit would have been fruitless on account of the actual insolvency of the drawer.
The opinion of the Court in this case prevented the appellant from shewing this insolvency, and limited the enquiries of the Jury to the two cases therein stated; whereby the appellant may have been injured. Both .judgments are therefore reversed, and anew trial awarded, in which the instruction in question is not to be repeated, but one given in pursuance of this opinion, if required.
Judge Brooke concurs in this opinion.